# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00072-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BILLY G. ADAMES and | ) | |
| JUAN C. VASQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Juan C. Vasquez's Partial Motion to Dismiss [Doc. 32], Defendant Billy G. Adames' Motion to Join and Adopt Motion to Dismiss Filed by Codefendant [Doc. 35], the Government's Response to Defendant's Partial Motion to Dismiss [Doc. 38], and Defendant Vasquez's Reply to Response to Partial Motion to Dismiss [Doc. 42].

I.  **PROCEDURAL BACKGROUND**

On June 6, 2017, Defendants Billy G. Adames and Juan C. Vasquez ("Defendants") were charged in a Bill of Indictment. [Doc. 1]. Defendant Adames was charged with one count of speeding and driving recklessly, in violation of N.C.G.S. § 20-140, while fleeing and attempting to elude a law

enforcement officer by motor vehicle, all in violation of N.C.G.S. § 20-141.5(b) and 18 U.S.C. § 13; and one count of possession of marijuana in violation of 21 U.S.C. § 844(a). [Id.]. Defendant Vasquez was charged with one count of speeding and driving recklessly, in violation of N.C.G.S. § 20-140, while fleeing and attempting to elude a law enforcement officer by motor vehicle, all in violation of N.C.G.S. § 20-141.5(b) and 18 U.S.C. § 13. [Id.]. Defendants' initial appearances and arraignments were held on June 7, 2017. The matter was set for trial during the June 19, 2017 trial term. Then, pursuant to 18 U.S.C. § 3161(c)(2), the Magistrate Judge ordered that the matter be continued to the September 5, 2017 trial term.

On August 1, 2017, the Defendants were charged in a Superseding Bill of Indictment, which charged the same offenses and added a Notice of Forfeiture by which the Government notified the Defendants that the motor vehicles driven by persons charged with the offense of felony speeding to elude arrest are subject to forfeiture. [Doc. 20]. On August 9, 2017, arraignments on the Superseding Indictment were held. Defendants waived their appearances at the arraignments. On August 18, 2017, Defendant Vasquez moved for dismissal of the forfeiture proceedings in the Superseding Indictment on the grounds that the Court lacks subject matter jurisdiction over such proceedings. [Doc. 32]. On August 21, 2017,

Defendant Adames filed a "Motion to Join and Adopt Motion to Dismiss Filed by Codefendant." [Doc. 35]. On August 25, 2017, the Government filed its response to Defendants' partial motion to dismiss. [Doc. 38] and on August 30, 2017, Defendant Vasquez filed his reply. [Doc. 42]. Defendant Adames did not move to join in this reply. On August 28, 2017, the Court continued the case to its current setting during the November 6, 2017 trial term. [Doc. 40].

## II. ANALYSIS

Defendants move to dismiss, pursuant to Federal Rule of Criminal Procedure 12(b)(2), "the forfeiture proceedings set forth as 'NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE' in the Superseding Indictment [Doc. 20] on the grounds that this Court lacks subject matter jurisdiction over such proceedings." [Doc. 32]. The NOTICE OF FORFEITURE provides, in relevant part:

> Under [18 U.S.C. §] 13(a), a person guilty under the charges set forth in this indictment shall be subject to like punishment in the federal case as if he was punished under the jurisdiction of the State. Further, under Sections 20-28.2 and 20-28.3 of the North Carolina General Statutes, a vehicle driven by a person charged with the offense of felony speeding to elude arrest is subject to forfeiture.

[Doc. 20 at 3]. Section 13(a) is the Assimilative Crimes Act (the "ACA"), which subjects persons on federal lands to federal prosecution in federal

3

court for violations of state criminal statutes in "enclaves" where federal lands are located. See Lewis v. U.S., 523 U.S. 155, 155 (1998); U.S. v. Fox, 60 F.3d 181, 183 (4th Cir. 1995). "The ACA transforms a crime against the state into a crime against the federal government." U.S. v. Kiliz, 694 F.2d 628, 629 (9th Cir. 1982) (citing U.S. v. Press Publishing Co., 219 U.S. 1 (1911)). Here, the conduct alleged – felony fleeing on a motor vehicle and attempting to elude arrest while driving recklessly in doing so – occurred in the Great Smoky National Park, a federal "enclave" located within Swain County, North Carolina. [See Doc. 20]. As such, Defendants were charged under the ACA for violations of North Carolina criminal statute, N.C.G.S § 20-141.5(b), that make such conduct illegal had it happened on State land.

In the present motion, Defendants argue that this Court lacks subject matter jurisdiction over the forfeiture proceedings as pled in the Superseding Indictment because the ACA incorporates only criminal law of the jurisdiction within which the federal enclave exists and the forfeiture proceedings that are implicated by the Defendants' conduct, N.C.G.S. §§ 20-28.2 and 20-28.3, are civil in nature. [Doc. 33 at 2]. The Government's response is two-fold. First, it argues that any motion to dismiss the Notice of Forfeiture is premature and should be denied. Second, even if not premature, the plain language of the ACA demonstrates that Congress intended for all

4

punishments available to the state court be available to the federal judge, including forfeiture arising from a felony conviction in the instant case. The Defendants' motion is, in fact, premature. The Court, therefore, need not reach the substantive arguments of the parties.

A Notice of Forfeiture is only what its name implies – a notice. Rule 32.2(a) of the Criminal Rules of Federal Procedure requires that the Government give notice in the information or indictment to a criminal defendant of its intent to seek forfeiture of property. Without such notice, a court cannot enter judgment of forfeiture in criminal proceedings. Fed. R. Crim. P. 32.2(a). Rule 32.2 specifically provides, "[t]he notice should <u>not</u> be designated as a count of the indictment or information." <u>Id.</u> (emphasis added). The Government's Notice of Forfeiture advised Defendants that, should Defendants be found or plead guilty, "a vehicle driven by a person charged with the offense of felony speeding to elude arrest is subject to forfeiture." [Doc. 20 at 3]. Forfeiture can be sought only <u>after</u> Defendants are found or plead guilty. Defendants may contest forfeiture, if at all, "after the verdict or finding of guilt." <u>See</u> Fed. R. Crim. P. 32.2(b)(1)(B). Until then, there are no forfeiture proceedings and nothing for this Court to dismiss.

**IT IS, THEREFORE, ORDERED** that the Defendant Billy G. Adames' Motion to Join and Adopt Motion to Dismiss Filed by Codefendant [Doc. 35]

5

is **GRANTED** and Defendant Juan C. Vasquez's Partial Motion to Dismiss [Doc. 32] is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: November 1, 2017

Martin Reidinger
United States District Judge