# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00072-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>BILLY G. ADAMES and )<br>JUAN C. VASQUEZ, )<br>)<br>    Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant Adames' Motion to Dismiss and Memorandum of Law [Doc. 39] and Defendant Vasquez' Motion to Join in and Adopt Co-Defendant's Motion to Dismiss [Doc. 41]. The Government opposes Defendants' motion. [Doc. 43].

## I. PROCEDURAL BACKGROUND

On June 6, 2017, Defendants Billy G. Adames and Juan C. Vasquez ("Defendants") were charged in a Bill of Indictment. [Doc. 1]. In Count One, Defendant Adames was charged with speeding and driving recklessly, in violation of N.C.G.S. § 20-140, while fleeing and attempting to elude a law enforcement officer by motor vehicle, all in violation of N.C.G.S. § 20-141.5(b) and 18 U.S.C. § 13; and in Count Three with possession of

marijuana in violation of 21 U.S.C. § 844(a). [Id.]. Defendant Vasquez was charged in Count Two with speeding and driving recklessly, in violation of N.C.G.S. § 20-140, while fleeing and attempting to elude a law enforcement officer by motor vehicle, all in violation of N.C.G.S. § 20-141.5(b) and 18 U.S.C. § 13. [Id.]. Defendants' initial appearances and arraignments were held on June 7, 2017.

On August 1, 2017, the Defendants were charged in a Superseding Bill of Indictment, which charged the same offenses and added a Notice of Forfeiture by which the Government notified Defendants that the motor vehicles driven by persons charged with the offense of felony speeding to elude arrest are subject to forfeiture. [Doc. 20]. On August 9, 2017, arraignments on the Superseding Indictment were held. On August 25, 2017, Defendant Adames moved to dismiss Count One of the Superseding Indictment.[1] [Doc. 39]. The Government opposes this motion. [Doc. 43].

---

[1] On August 28, 2017, Defendant Vasquez filed a "Motion to Join in and Adopt Co-Defendant's Motion to Dismiss." [Doc. 41]. It is unclear what Defendant Vasquez seeks to accomplish by joining in Defendant Adames' motion to dismiss. The motion to dismiss relates only to Count One of the Superseding Indictment and does not request relief relative to Count Two, which is the only count of the Indictment under which Defendant Vasquez is charged. Nonetheless, the Court will grant Defendant Vasquez's motion to join.

## II. ANALYSIS

Defendants' motion purports to seek dismissal of Count One of the Superseding Indictment "pursuant to Fed.R.Crim.P. 12(b)(3)(B) ('[A]t any time while the case is pending, the court may hear a claim that the indictment or information <u>fails to invoke the court's jurisdiction or to state an offense</u>.')…." (Emphasis added). [Doc. 39 at 1]. This language, which Defendants attribute to Rule 12(b)(3)(B), no longer exists. It was removed in the 2014 Amendments to Rule 12. Current Rule 12(b)(3)(B) sets forth the five grounds on which a defendant may seek dismissal of an indictment or information, including the failure to state an offense. Rule 12(b)(2), on the other hand, was revised in 2014 to provide, "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Given Defendants' failure to cite any current, controlling provision of Rule 12, it is unclear if Defendants are seeking relief for lack of jurisdiction or for failure to state an offense. As explained below, however, neither avenue offers Defendants any relief.

Count One of the Superseding Indictment alleges:

> On or about June 2, 2017, within the special maritime and territorial jurisdiction of the United States, that is, the Great Smoky Mountains National Park, in Swain County, within the Western District of North Carolina, and elsewhere, the defendant, [ ] BILLY G. ADAMES, <u>did willfully operate a motor</u>

3

<u>vehicle while fleeing and attempting to elude a law enforcement officer who was in the lawful performance of his duties, and, while doing so, sped in excess of 15 miles per hour over the legal speed limit, and drove recklessly as proscribed by N.C.G.S. § 20-140</u>.
     All in violation of North Carolina General Statute Section 20-141.5(b), and Title 18, United States Code, Section 13.

[Doc. 20 at 1-2 (emphasis added)]. Section 20-140 defines reckless driving as driving any vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others" or "without due caution and circumspection and at a speed or in a manner so as to endanger any person or property." N.C. Gen. Stat. § 20-140(a), (b).

Section 20-141.5(b) provides:

> (a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of the section shall be a Class 1 misdemeanor.
>
> (b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.
>     (1) Speeding in excess of 15 miles per hour over the legal speed limit.
>                …
>     (3) Reckless driving as proscribed by G.S. 20-140.

N.C. Gen. Stat. § 20-141.5.

4

Defendants argue that Count One should be dismissed because it cannot properly be brought under the Assimilative Crimes Act (the "ACA"), 18 U.S.C. § 13(a), since the conduct that supports the violation of N.C.G.S. § 20-140.5(b) is punishable under federal law. [Doc. 39 at 1]. The ACA subjects persons on federal lands to federal prosecution in federal court for violations of state criminal statutes in "enclaves" where federal lands are located. See Lewis v. U.S., 523 U.S. 155, 155 (1998); U.S. v. Fox, 60 F.3d 181, 183 (4th Cir. 1995). "The ACA transforms a crime against the state into a crime against the federal government." U.S. v. Kiliz, 694 F.2d 628, 629 (9th Cir. 1982) (citing U.S. v. Press Publishing Co., 219 U.S. 1 (1911)). If, however, the conduct at issue is made punishable by federal law, then the federal law applies and the ACA does not assimilate the state statute. See Lewis, 523 U.S. at 165.

Here, the conduct alleged – fleeing on a motor vehicle and attempting to elude arrest and driving recklessly and in excess of 15 miles per hour above the legal speed limit in doing so – occurred in the Great Smoky National Park, a federal "enclave" located within Swain County, North Carolina. [See Doc. 20]. Defendants were charged under the ACA for violation of North Carolina criminal statute, N.C.G.S § 20-141.5(b).

5

The issue is whether the conduct alleged in Count One is made punishable pursuant to federal law, such that the ACA does not apply to assimilate N.C.G.S. § 20-141.5. Defendants contend existing federal regulations, including 36 C.F.R. §§ 4.12, 4.21, and 4.22, serve to punish the acts he allegedly committed.[2] None of these provisions, either singly or collectively, however, capture the conduct alleged in Count One. Section 4.12 prohibits the "[f]ailure to comply with the directions of traffic control device." 36 C.F.R. § 4.12. Section 4.21 sets park area speed limits and prohibits operating a vehicle in excess of those speeds. 36 C.F.R. § 4.21. Although the conduct alleged in the Count One includes the aggravating factor of Defendant speeding in excess of 15 miles per hour over the legal speed limit, neither of these sections address or relate to the other facts alleged in the indictment, namely, reckless driving, as defined in N.C.G.S. § 20-140, or the much more severe conduct of fleeing or attempting to elude a law enforcement officer. Section 4.22 prohibits certain conduct relative to operating a motor vehicle, but by its express terms includes only offenses that "are less serious than reckless driving." 36 C.F.R. § 4.22. None of the offenses described in Section 4.22 constitute or even approximate the severe nature of the conduct proscribed by N.C.G.S. § 20-141.5 or that

---

[2]

constitute reckless driving as defined in N.C.G.S. § 20-140.  The regulatory provisions to which Defendants point prohibit much less serious conduct that than alleged in the indictment.  Thus, the Department of Interior has left it to state law to define the parameters of a crime consisting of eluding law enforcement recklessly and at a high rate of speed.

The cases on which Defendants rely are inapposite.  They pertain to the situation where the defendants were charged under the regulations for committing lesser crimes such as speeding (§ 4.21), failure to stop at a stop sign (§ 4.12), and unsafe operation (§ 4.22).  See U.S. v. Luther, No. 1:14-cr-330, 2015 WL 853906 (E.D. Va. Feb. 26, 2015) (Cacheris, J.); U.S. v. Emaikwu, No. PJM 11-0145, 2011 WL 4025451 (D. Md. Sept. 9, 2011) (Messitte, J.).  Those defendants were not charged with the more serious offense of fleeing to elude law enforcement in a reckless manner well in excess of the posted speed limit.

Defendants also argue that 36 C.F.R. §§ 261.3(a) (prohibiting threatening or interfering with a forest officer engaged in the performance of his official duties) and 261.10(m) (prohibiting the failure to stop a vehicle when directed to by a forest officer) criminalize the acts he allegedly committed. [Doc. 39 at 5].  These provisions, however, are promulgated by the Secretary of Agriculture and relate to Forest Service officers and their

7

performance of duties in the National Forest System. They have no applicability to National Park Service lands.

Defendants also argue as a corollary matter that 36 C.F.R. § 4.2 "is the proper means to bring North Carolina's law to bear on a defendant," [Doc. 47 at 3] because this provision "adopts the North Carolina flee to elude statute" and, "[t]hus, the government should proceed under the regulations not the ACA" [Doc. 39 at 10]. Section 4.2 provides: "Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law…. Violating a provision of State law is prohibited." 36 C.F.R. § 4.2. The Fourth Circuit has addressed this issue. In <u>U.S. v. Hope</u>, 408 Fed.Appx. 695 (4th Cir. 2011), the Fourth Circuit affirmed a district court's implicit holding that just because a state statute is also assimilated under section 4.2 does not preclude it also being assimilated under 18 U.S.C. 13. "The 'primary question' is whether 'applicable federal law indicate[s] an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue.'" <u>U.S. v. Hope</u>, No. 3:09-cr-39-1, 2010 WL 2405354, at *2 (W.D. Va. June 10, 2010) affirmed *per curiam* 408 Fed.Appx. at 696 (quoting <u>Lewis</u>, 523 U.S. at 166). "[A]pplicable federal law was not intended to punish Defendant's conduct to the exclusion of the Virginia felony eluding statute, and the precise act prohibited by Virginia's

8

eluding statute is not specifically prohibited by federal law." Id.. For this reason, section 4.2 does not provide the Defendants with any basis for dismissal of Count One.

Because Defendant's alleged conduct is not made punishable by any enactment of Congress or Department of Interior Regulation, the ACA assimilates N.C.G.S. § 20-141.5 and Count One of the Superseding Indictment was properly brought under the ACA. See Lewis, 523 U.S. at 164; U.S. v. Hope, 408 Fed.Appx. 695, at *1 (4th Cir. 2011) (affirming *per curiam* No. 3:09-cr-00039-1, 2010 WL 2405354 (W.D. Va. June 10, 2010) (Moon, J.)).

**IT IS, THEREFORE, ORDERED** that the Defendant Juan C. Vasquez's Motion to Join in and Adopt Co-Defendant's Motion to Dismiss [Doc. 41] is **GRANTED** and Defendant Billy G. Adames' Motion to Dismiss [Doc. 39] is **DENIED.**

**IT IS SO ORDERED.**

Signed: November 1, 2017

Martin Reidinger
United States District Judge

9